IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KENNY RAY PIERCE | § | |
| v. | § | CIVIL ACTION NO. 6:06cv238 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Kenny Pierce, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his continued confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Pierce says that he received concurrent nine-year sentences on May 20, 1997, and argues that these sentences should have expired on May 20, 2006, but he has not been released. Pierce signed his petition on May 21, 2006, one day after he says that he should have been released.

After review of the pleadings, the Magistrate Judge issued a Report on June 5, 2006, recommending that the petition be denied. The Magistrate Judge concluded that Pierce plainly had not exhausted his state remedies, inasmuch as he signed his petition one day after his claim became ripe through the failure to release him as he believed was required by law. The Magistrate Judge also recommended that Pierce be denied a certificate of appealability.

Pierce filed objections to the Magistrate Judge's Report on June 13, 2006, and a second, essentially identical set of objections on June 21. On June 27, Pierce filed a motion which he styled as a "motion for mandamus and summary judgment."

1

In his objections to the Report, Pierce places great emphasis on his contention that the Magistrate Judge improperly recharacterized his petition from a Section 2241 action, as Pierce styled it, to a Section 2254 action.  He says that he is "not in custody under a state judgment" because his state sentences have already expired, and so he brought a "Section 2241 action for immediate release."  Pierce says that there has been no new indictment, conviction, or sentence to justify his continued detention since May 20, 2006.

Pierce says that the Magistrate Judge lacked jurisdiction to reclassify his petition, to dismiss the petition, or to deny a certificate of appealability.  He says that the federal courts are "afraid of the power of TDCJ-CID" and says that he has mailed a copy of his petition to the Supreme Court, the Fifth Circuit, Corrections Corporation of America, and the Director of TDCJ-CID, and a copy was hand-delivered to the warden of the Moore Unit, where he is housed.  Pierce contends that the Magistrate Judge's Report "has allowed a complete miscarriage of justice to continue."

In his motion for mandamus and summary judgment, Pierce says that he knows the difference between a Section 2254 and a Section 2241 petition, and that May 20, 2006, was nine years after his sentence began.  He reiterates that he is in prison with no indictment, no crime, no jury, no judge, no lawyer, no contract, and no trial, and that his plea bargain agreement "was up." He says that there are no disputed issues of fact and that he is entitled to judgment as a matter of law.

The Fifth Circuit has stated that Section 2254 applies to post-trial situations and affords relief to petitioners in custody pursuant to the judgment of a state court, Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998).  In this case, the on-line records of TDCJ-CID confirm that Williams is being held pursuant to four state court judgments, for which he received three nine-year sentences and one five-year sentence.  The sentence date is given as December 5, 1997, and the projected release date is given as October 26, 2006; Pierce's Exhibit A makes clear that although the date the

2

judgment was pronounced was December 5, 1997, the date that the sentence was to commence was May 20, 1997.[1]

Because Pierce is being held pursuant to a state court judgment, even though he says that that judgment has already expired, his petition is properly brought under Section 2254 and neither the Magistrate Judge nor the Clerk erred in so characterizing it.

In any event, Pierce has not shown that the precise statutory classification of his petition is of any significance.  The Fifth Circuit has held that habeas corpus petitions brought under Section 2241, like those brought under Section 2254, are subject to the exhaustion requirement.  Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987).  In this case, Pierce can challenge the legality of his continued confinement in the state courts through a state habeas corpus proceeding.

He does not dispute that he has available state remedies to exhaust, nor that he has not done so; neither his objections nor his motion even address the issue of exhaustion, which was the basis of the Magistrate Judge's Report.  Pierce's contention that the Magistrate Judge dismissed his petition and denied a certificate of appealability are incorrect, in that the Magistrate Judge simply issued a Report recommending that these actions be taken.  Pierce's objections, and his motion for mandamus and summary judgment, are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

---

[1] The TDCJ-CID online records do not make clear if Pierce's projected release date refers to release on mandatory supervision or discharge from sentence.

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice for failure to exhaust state remedies.  It is further

ORDERED that a certificate of appealability is DENIED.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  Finally, it is

ORDERED that any and all motions which may be pending in this action, including the Petitioner's motion for mandamus and summary judgment filed June 27, 2006, are hereby DENIED.

**So ORDERED and SIGNED this 7th day of August, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

4